Robert L. Greene, Esq. (RG-1975)
STORZER & GREENE, P.L.L.C.
110 Wall Street, 11th Floor
New York, N.Y. 10005
Phone: (212) 943-4343
Email: greene@storzerandgreene.com

JUDGE ROBINSON

08 CV 7659

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRITAN K. SAHANSRA, on her own behalf and as
Executrix on behalf of the ESTATE OF PYARA
SAHANSRA,

                Plaintiffs,

-against-

WESTCHESTER COUNTY HEALTH CARE
CORPORATION, a New York Public Benefit
Corporation, TAYLOR CARE CENTER, a part
of Westchester County Health Care Corporation,
and JOHN AND JANE DOES, 1 through 5,

                Defendants.

Case No.

**COMPLAINT**

---

### INTRODUCTION

Now comes Pritan K. Sahansra, on her own behalf and as Executrix of the Estate of her deceased husband Pyara Sahansra (the "Estate"), and complains of the violation of the free exercise of their religion and of assault and battery while Pyara Sahansra was a patient at the Taylor Care Center, a part of the Westchester County Health Care Corporation, and seeks damages and injunctive relief.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a), 42 U.S.C. § 2000cc *et seq.*, and 42 U.S.C. § 1983, which confer original jurisdiction on federal district courts in suits to redress the deprivation of rights, privileges and immunities secured by the laws and Constitution of the United States, particularly the First and Fourteenth Amendments to the Constitution of the United States, and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.*

2. This Court has jurisdiction over the request for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because the acts and transactions complained of occurred in this District.

## DESCRIPTION OF THE PARTIES

4. Pritan K. Sahansra is the widow and Executrix of the Estate of Pyara Sahansra.

5. Decedent Pyara Sahansra was a member of the Sikh religion. He was a patient at the Taylor Care Center, a part of the Westchester County Health Care Corporation from August of 2006 until his death on July 18, 2007.

6. Westchester County Health Care Corporation ("WCHCC") is a Public Benefit Corporation organized under New York State Public Benefit Law §§ 3300 *et seq.*

7. Upon information and belief, John and Jane Does 1 through 5 are or were employees, officials and/or agents of WCHCC and Taylor Care Center, and are individuals whose names and addresses of residences are unknown.

## STATEMENT OF FACTS

8. The decedent Pyara Sahansra was during his entire life a follower of the Sikh religion.

9. Sikhs are required to keep unshorn hair as a fundamental tenet of their religion. Cutting hair anywhere on one's body is strictly forbidden in Sikhism, and is among the gravest trespasses or assaults on a Sikh's religious practice and spiritual condition.

10. Sikhs believe that it is a grave sin even if the cutting of the hair is against the Sikh's will or forcibly done against his will.

11. Mr. Sahansra was a resident of the Taylor Care Center, which, upon information and belief, is owned, controlled, operated and/or is an instrumentality of WCHCC from August of 2006 until his death on July 18, 2007. He was suffering from advanced Alzheimer's disease. He was helpless and at the mercy of the staff of Taylor Care Center.

12. The decedent's family had given explicit instructions to the Taylor Care Center and its agents and employees that under no circumstances should any of decedent's hair be cut.

13. Upon information and belief, the Taylor Care Center had or has an official policy against individual patients or their families placing signs or any notices in patients' rooms.

14. Upon information and belief, the Taylor Care Center's policy against individual patients or their families placing signs or any notices in patients' rooms was enforced in a selective manner.

15. For a time, Mr. Sahansra's family was permitted by Taylor Care Center officials to place a sign above decedent's bed warning that his hair was not to be cut.

16. Taylor Care Center and its agents and employees (John and Jane Does 1 through 5), some with policymaking authority, had subsequently forbidden the Sahansras' warning sign to remain in place.

17. On June 3, 2007, a staff member (Jane Doe) assigned to feed Mr. Sahansra decided to cut the decedent's mustache, beard and eyebrows and proceeded to do so.

18. Subsequently, the decedent's family requested that a sign strictly forbidding anyone from cutting any more of decedent's hair be placed above his bed. The Taylor Care Center and its agents and employees (John and Jane Does 1 through 5), some with policymaking authority, refused to do so.

19. After the family was notified of June 3, 2007 events, they began the process of contacting the Sikh authorities in India, which is the procedure required for Mr. Sahansra to redress the cutting of his beard. However, he passed away before the process could be completed. Thus, Mr. Sahansra died without being in good standing in his religion and according to his religious beliefs.

20. Sikh religious beliefs provide that husbands and wives are joined in their spiritual paths and have an obligation to support each other in maintaining their daily spiritual practice, one of which is keeping the hair uncut. Pritan K. Sahansra herself suffered a burden and violation of her exercise of her religion as a result of the Defendants' actions.

21. Pritan K. Sahansra also suffered severe mental anguish as a result of the Defendants' actions in cutting Pyara Sahansra's hair, refusing to allow her to take proper steps to prevent the cutting of his hair, and violating her religious principles.

22. Pritan K. Sahansra is in poor health, has herself been a patient at the Taylor Care Center, and is likely in the future to need residential care at Taylor Care Center. She is an adherent of the Sikh religion and possesses the same religious beliefs as Mr. Sahansra with respect to the cutting of hair.

23. Upon information and belief, WCHCC is a recipient of federal financial assistance.

24. The Taylor Care Center, a part of WCHCC, is an "institution" as defined by 42 U.S.C. § 1997.

## COUNT I

### Violation of the United States Constitution
### Free Exercise of Religion: First and Fourteenth Amendments
### (42 U.S.C. § 1983)

25. Paragraphs 1 through 24 are incorporated by reference as if fully set forth herein.

26. Defendants have deprived Plaintiffs of their right to the free exercise of religion, as secured by the First Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment.

## COUNT II

### Violation of the New York State Constitution
### Free Exercise of Religion

5

27. Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

28. Defendants have deprived Plaintiffs of their right to the free exercise of religion, as secured by the New York State Constitution, Article I, Section 3.

### COUNT III

Violation of Religious Land Use and Institutionalized Persons Act of 2000
"Substantial Burden on Religious Exercise" (42 U.S.C. § 2000cc *et seq.*)

29. Paragraphs 1 through 28 are incorporated by reference as if fully set forth herein.

30. Defendants have substantially burdened Plaintiffs' exercise of their religion, without a compelling governmental interest, in violation of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.*

### COUNT IV

Violation of the New York State Human Rights Law
New York State Executive Law §§ 290 *et seq.*

31. Paragraphs 1 through 30 are incorporated by reference as if fully set forth herein.

32. Defendants have substantially burdened Plaintiffs' exercise of their religion, without a compelling governmental interest. As such it violates New York State's Human Rights Law, New York State Executive Law §§ 290 *et seq.*

### COUNT V

Assault and Battery

33. Paragraphs 1 through 3 are incorporated by reference as if fully set forth herein.

34. Defendants' actions constituted an assault and battery upon Mr. Sahansra.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court grant the following relief:

A. Declaratory judgment holding the policies and actions of Defendants to be unconstitutional and illegal under RLUIPA, 42 U.S.C. § 2000cc *et seq.*, the United States and New York Constitutions, and the New York Civil Rights Law;

B. An injunction permitting members of the Sikh religion who are patients in the Westchester County Health Care Corporation and Taylor Care Center to post signs notifying the staff not to cut the hair or otherwise violate Sikh patients' religion;

C. An award to Plaintiffs of full and compensatory damages arising from the Defendants' illegal and unconstitutional actions;

D. An award to Plaintiffs of full costs and attorney's fees arising from the Defendants' illegal and unconstitutional actions;

E. An award of nominal damages; and

F. Such other and further relief as this Court may deem just and appropriate.

Dated August 28, 2008

## DEMAND FOR JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in this action of all issues so triable.

/s/ Robert L. Greene
Robert L. Greene
Bar No. RG 5430
Storzer & Greene, P.L.L.C.
Attorneys for the Plaintiff
110 Wall Street, 11th Floor
New York, NY 10005
TEL (212) 943-4343
FAX (202) 315-3996
greene@storzerandgreene.com